## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

**DARLENE THOMPSON,**

                         **Plaintiff,**

**v.**                                    CIVIL ACTION NO. 5:19-cv-00442
                                          _____

**CITY OF BECKLEY d/b/a HISTORIC**
**BLACK KNIGHT MUNICIPAL PARK**

                         **Defendant.**

### COMPLAINT

Ms. Darlene Thompson brings this action as a result of Defendant's discriminatory refusal to hire her, as well as Defendant's use of employment practices which yield a disparate impact which negatively affects classes of people protected by both state and federal law. The continued use of these unlawful employment practices has permitted the segregation and discrimination that was once formally condoned by Black Knight Country Club to continue today, to the detriment of marginalized communities. Ms. Thompson seeks redress for Defendant's unlawful refusal to hire her, as well as an end to these unlawful employment practices.

### PARTIES

1.      Ms. Thompson is a sixty-two-year-old African-American woman who at all times relevant to this complaint has lived in Beckley, West Virginia.

2.      The City of Beckley is a political subdivision of the state of West Virginia, which is the proprietor of the Historic Black Knight Municipal Park, previously known as Black Knight Country Club (hereinafter "Black Knight") located at 2400 Kanawha Street in Beckley, West Virginia.

**FACTS**

3.      Ms. Thompson is a sixty-two-year-old African-American woman who has lived in

Beckley, West Virginia for over twenty years.

**History of the Black Knight Country Club**

4.      Black Knight Country Club opened in Beckley in 1929, as a private club owned

and operated by Raleigh Coal and Coke.

5.      At the time of its opening in 1929, Black Knight was formally segregated and did

not permit African-Americans to become members or use the premises.

6.      During this period of segregation, and following the club's integration in the

1980's, Black Knight was known among the Beckley African-American community as an

employer that regularly engaged in discriminatory practices.

7.      Plaintiff Thompson's own mother-in-law was employed at Black Knight during

this period of segregation. During her employment at Black Knight, Ms. Thompson's mother-in-

law was required to stay in the kitchen with other black employees so as not to be visible to white

club members; if they did leave the kitchen, black employees were threatened with termination.

8.      In March of 2018, the City of Beckley purchased Black Knight to make it accessible

to the general population by turning it into a public park.

**Plaintiff's Application for Employment**

9.      In September 2018, Ms. Thompson applied for a job at the Black Knight Country

Club by calling to request a position.

10.      During that initial phone call Defendant scheduled Ms. Thompson to appear for an

in-person interview.

11.     On September 21, 2018, Ms. Thompson arrived at Black Knight for her employment interview, which was conducted by an agent of the Defendant.

12.     Ms. Thompson informed Defendant during her interview about the potential that she would need accommodation in the workplace as a result of her status as a qualified individual with a disability. Ms. Thompson explained that she uses oxygen as a treatment for Chronic Obstructive Pulmonary Disease, but that she generally did not expect to need it during work unless she significantly over-exerted herself.

13.     During her interview, the individual conducting the interview asked how Ms. Thompson would like being a hostess, indicated that she was a good fit for the position, and informed her that she could expect to be hired.

14.     At the end of the interview, Ms. Thompson was asked to provide two forms of identification. Ms. Thompson provided Defendant with a copy of her West Virginia state identification card and her social security card.

15.     Defendant's agent then took these documents and left the room with them and stated that he was going to make copies of these documents.

16.     On information and belief, Defendant copied and saved these documents.

17.     On September 24, 2018 Ms. Thompson received a call from Defendant informing her that she would not be hired because she did not have a driver's license.

18.     When Ms. Thompson inquired further, she was informed that Defendant would not hire her, even if she were to receive a driver's license at a later point in time.

19.     Nothing about the work requirements for the hostess position necessitated a current driver's license. Rather, the entire job would take place onsite at the Black Knight.

20.   Following this exchange, Ms. Thompson was not hired by Defendant to work at the Black Knight Country Club.

21.   On information and belief, Defendant refused to hire Ms. Thompson on the basis of her (a) race, (b) disability, (c) age, and/or (d) her failure to have a current driver's license.

22.   The requirement that hostesses at the Black Knight have a current driver's license is neither job related nor a business necessity.

**Count One – Unlawful Discriminatory Employment Practices**
**West Virginia Human Rights Act, W. Va. Code § 5-11-9(2)(a)**

23.   The preceding paragraphs are incorporated by reference.

24.   It is an unlawful discriminatory practice for any employer to "[e]licit any information or make or keep a record… concerning the race, religion, color, national origin, ancestry, sex or age of any applicant for employment…" W. Va. Code §5-11-9(2)(a).

25.   Defendant elicited and made a record of Plaintiff's age, race, and sex during her application for employment in violation of the West Virginia Human Rights Act by requesting, and thereafter saving, a copy of her West Virginia state identification card.

26.   In violating this clear provision of the West Virginia Human Rights Act, Defendant acted "maliciously, oppressively, wantonly, willfully, recklessly, or with criminal indifference to their civil obligations" thereby justifying an award of punitive damages.

**Count Two – Disparate Treatment, Refusal to Hire**
**West Virginia Human Rights Act W. Va. Code §5-11-9(1), Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*, Title VII 42 U.S.C. § 2000e *et seq.*, Age Discrimination in Employment Act 29 U.S.C. § 621 *et seq.***

27.   The preceding paragraphs are incorporated by reference.

28.   The West Virginia Human Rights Act declares it an unlawful discriminatory practice "[f]or any employer to discriminate against an individual with respect to compensation,

hire, tenure, terms, conditions, or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled…" W. Va. Code § 5-11-9(1).

29.     Within the context of the Human Rights Act, the term discriminate "…means to exclude from, or fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry, age, blindness, handicap, or familial status and includes to separate or segregate." W. Va. Code § 5-11-3(h).

**Disability Discrimination**

30.     Under the West Virginia Human Rights Act and the Americans with Disabilities Act, a disability exists when an individual has "(1) [a] mental or physical impairment which substantially limits one or more of such person's major life activities… (2) [a] record of such impairment; or (3) [is] regarded as having such an impairment." W. Va. Code § 5-11-3(m).  Cf. 42 U.S.C. § 12102(1).

31.     The Americans with Disabilities Act defines a qualified individual as "… an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12112(a).

32.     Plaintiff was and remains capable of performing the essential functions of the job that she was denied by Defendant, and has mental and physical impairments which substantially limit her major life activities. Therefore, Plaintiff is a qualified individual with a disability as defined by the West Virginia Human Rights Act and the Americans with Disabilities Act.

33.     Defendant's decision not to hire Plaintiff was made on the basis of her status as a qualified individual with a disability in violation of the West Virginia Human Rights Act and the Americans with Disabilities Act.

## Race-Based Discrimination

34.     Plaintiff is an African-American woman who is protected against race-based employment discrimination by both the West Virginia Human Rights Act, W. Va. Code § 5-11-9(1), and Title VII, 42 U.S.C. § 2000e-2(a)(1).

35.     Title VII establishes that "[i]t shall be an unlawful employment practice for an employer… to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…" 42 U.S.C. § 2000e-2(a)(1).

36.     Defendant's decision not to hire Plaintiff was made on the basis of her race, which is African-American, in violation of the West Virginia Human Rights Act and Title VII.

## Age Discrimination

37.     The West Virginia Human Rights Act, when defining age discrimination, defines the term age as meaning forty or above. W. Va. Code § 5-11-3(k).

38.     The Age Discrimination in Employment Act prohibits employers from "…fail[ing] or refus[ing] to hire or… discharge[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

39.     The protections of the Age Discrimination in Employment Act apply to individuals "… who are at least 40 years of age."  29 U.S.C. § 631(a).

40.     Plaintiff is a sixty-two-year-old woman entitled to the protections of both the West Virginia Human Rights Act and the Age Discrimination in Employment Act.

41.     Defendant's decision not to hire Plaintiff was made on the basis of her age, which is over forty, in violation of the West Virginia Human Rights Act and the Age Discrimination in Employment Act.

### Damages

42.     As a direct and proximate result of Defendant's unlawful, discriminatory refusal to hire the Plaintiff, Plaintiff has lost and will continue to lose wages and/or benefits in an amount to be proven at trial.

43.     As a direct and proximate result of Defendant's unlawful, discriminatory refusal to hire the Plaintiff, Plaintiff has suffered indignity, embarrassment, humiliation, and emotional distress entitling her to damages in an amount to be determined by the jury.

44.     As a direct and proximate result of Defendant's unlawful, discriminatory refusal to hire the Plaintiff, Plaintiff has incurred other damages, including but not limited to attorneys' fees and costs, which she is entitled to recover from Defendant.

45.     In violating these established legal protections, Defendant acted with malice or reckless indifference to Plaintiff's rights, and acted willfully, knowingly, intentionally, oppressively, and/or wantonly to their civil obligations and Plaintiff's statutorily protected rights, thereby justifying an award of punitive damages.

### Count Three – Disparate Impact
**West Virginia Human Rights Act W. Va. Code § 5-11-9(1), Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*, Title VII 42 U.S.C. § 2000e *et seq.*, Age Discrimination in Employment Act 29 U.S.C. § 621 *et seq.***

46.     The preceding paragraphs are incorporated by reference.

47.     Plaintiff is a qualified individual with a disability as defined by the West Virginia Human Rights Act, § 5-11-9(1), and the Americans with Disabilities Act 42 U.S.C. § 12112(a) and is entitled to the protections of those statutes.

48.   Plaintiff is an individual over the age of forty entitled to protection against age discrimination under both the West Virginia Human Rights Act, W. Va. Code § 5-11-9(1), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

49.   Plaintiff is an African-American individual who is entitled to protection against race-based discrimination under both the West Virginia Human Rights Act, W. Va. Code § 5-11-9(1), and Title VII, 42 U.S.C. § 2000e-2(a)(1).

50.   Plaintiff is a woman who is entitled to protection against sex-based discrimination under both the West Virginia Human Rights Act, W. Va. Code § 5-11-9(1), and Title VII, 42 U.S.C. § 2000e-2(a)(1).

51.   The West Virginia Human Rights Act, The Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII, each prohibit disparate impact discrimination.

52.   Defendant's refusal to hire individuals who do not hold a valid driver's license has a disparate impact on women, who are less likely than men in West Virginia to possess a valid driver's license.

53.   Defendant's refusal to hire individuals who do not hold a valid driver's license has a disparate impact on qualified individuals with a disability, who on information and belief are less likely than their non-disabled peers to possess a valid driver's license.

54.   Defendant's refusal to hire individuals who do not hold a valid driver's license has a disparate impact on people who are African-American, who on information and belief are less likely than their white peers to possess a valid driver's license.

55.     Defendant's refusal to hire individuals who do not hold a valid driver's license has a disparate impact on individuals over the age of forty, who on information and belief are less likely than younger individuals to possess a valid driver's license.

56.     Defendant's stated requirement that job applicants hold a valid driver's license is not job-related, as the position which Ms. Thompson applied for would only work at the Black Knight location and the position would not involve driving a vehicle.

57.     Defendant's requirement that job applicants hold a valid driver's license cannot be justified by business necessity, and even if such a requirement was justified any alleged necessity could be equally served by less discriminatory alternatives.

58.     As a direct and proximate result of Defendant's unlawful, discriminatory refusal to hire the Plaintiff, Plaintiff has lost and will continue to lose wages and/or benefits in an amount to be proven at trial.

59.     As a direct and proximate result of Defendant's unlawful, discriminatory refusal to hire the Plaintiff, Plaintiff has suffered indignity, embarrassment, humiliation, and emotional distress entitling her to damages in an amount to be determined by the jury.

60.     As a direct and proximate result of Defendant's unlawful, discriminatory refusal to hire the Plaintiff, Plaintiff has incurred other damages, including but not limited to attorneys' fees and costs, which she is entitled to recover from Defendant.

61.     In violating these established legal protections, Defendant acted with malice or reckless indifference to Plaintiff's rights, and acted willfully, knowingly, intentionally, oppressively, and/or wantonly to their civil obligations and Plaintiff's statutorily protected rights, thereby justifying an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

I.      A declaration that Defendant engaged in an unlawful employment practice under W. Va. Code § 5-11-9(2)(a) by eliciting and recording information concerning a job applicant's sex, race, and age during the application process;

II.     A declaration that Defendant engaged in an unlawful employment practice by requiring job applicants to produce a valid driver's license when that requirement is neither job-related nor a business necessity;

III.    Actual damages suffered by the Plaintiff including, but not limited to, lost wages, lost benefits,  and damages for emotional distress;

IV.     Punitive damages as permitted by law;

V.      Costs incurred by the Plaintiff, including attorney's fees as permitted by law; and

VI.     All other relief which this Court deems equitable, just, and proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ISSUES TRIABLE BY JURY**

**DARLENE THOMPSON,**
**PLAINTIFF,**
**BY COUNSEL,**

/s/ Aubrey Sparks
Aubrey Sparks (WV Bar No. 13469)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston WV 25301
(p) 304-344-3144
(f) 304-344-3145
aubrey@msjlaw.org